**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JONNA LOU SPRINGER (STURDY),** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**S.S.I. REP. BRIAN WEST and** )<br>**DAVE GOLDMAN,** )<br>)<br>**Defendants.** ) | **Case No. CIV-12-1127-D** |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing *in forma pauperis* and *pro se*, filed a one-paragraph Complaint alleging that she has not received all the "benefits or monies" owed her from her supplemental security income from 2010 until February 2012. Complaint [Doc. No. 1]. Plaintiff named two Social Security Administration employees as Defendants. *Id.* The matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Because Plaintiff is proceeding *in forma pauperis*, the undersigned has screened the Complaint to determine whether it states a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). After such review, it is recommended that the Complaint be summarily dismissed for failure to state a valid claim.

Under Fed. R. Civ. P. 8(a)(1)-(2), the pleader must provide "a short and plain statement" of the grounds for jurisdiction and a "claim showing that [she] is entitled to

relief." In the present action, Plaintiff simply writes: "I have not received all benefits or monies I should have received from my supplemental security income for the years 2010, 2011, and January and February 2012." Complaint. The Complaint does not identify any applicable legal theory or sufficient facts to state a basis for Plaintiff's claim for money due. As a result, the undersigned finds that the Complaint fails to state a valid claim for relief and should therefore be dismissed. However, because Plaintiff is *pro se* and the pleading defect is potentially curable, the undersigned recommends that Plaintiff be granted leave to amend.[1] *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (stating that dismissal without prejudice and with leave to amend should result when a *pro se* litigant's pleading defects are potentially curable).

## RECOMMENDATION

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's Complaint [Doc. No. 1] be dismissed on screening but that Plaintiff be granted leave to amend.

Plaintiff is advised of her right to object to this Report and Recommendation by November 19, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is

---

[1] If leave to amend is granted, Plaintiff should be cautioned that any amended complaint must include a short and plain statement of her claim, the facts that would support such claim, and the relief requested. Fed. R. Civ. P. 8(a). If, for example, Plaintiff's claim is that she was erroneously denied Supplemental Security Income (SSI) benefits, her amended complaint must name the Commissioner of Social Security as the defendant and describe the administrative actions brought by her including the time frame of such actions. See 42 U.S.C. § 405(g) (requiring that action for judicial review of Commissioner's decision be filed within 60 days of the mailing of the administrative decision or such other time stated by the Commissioner of Social Security).

further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 30th day of October, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE